09-0332-cv (L)
*Puricelli v. The Republic of Argentina*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2009

(Argued:  November 9, 2009                                    Decided: May 27, 2010)

Docket Nos. 09-0332-cv (L), 09-0335-cv (CON), 09-0338-cv (CON),
09-0345-cv (CON), 09-0371-cv (CON), 09-0373-cv (CON),
09-0374-cv (CON), 09-0375-cv (CON)

————————————

SILVIA SEIJAS, HEATHER M. MUNTON, THOMAS L. PICO ESTRADA, EMILIO ROMANO, RUBEN
WEISZMAN, ANIBAL CAMPO, MARIA COPATI, CESAR RAUL CASTRO, HICKORY SECURITIES LTD.,
ELIZABETH ANDREA AZZA, CLAUDIA FLORENCIA VALLS, RODOLFO VOGELBAUM, EDUCARDO
PURICELLI, AND REUBEN DANIEL CHORNY,

*Plaintiffs-Appellees*,

– v. –

THE REPUBLIC OF ARGENTINA,

*Defendant-Appellant*.

————————————

Before: LEVAL, B.D. PARKER, AND LIVINGSTON, *Circuit Judges*.

————————

Defendant-appellant appeals from eight grants of class certification and eight final

judgments of the United States District Court for the Southern District of New York (Griesa, *J.*).

The district court granted class-wide, but not individualized, monetary relief to holders of

defaulted bonds issued by the Republic of Argentina. Affirmed in part. Remanded in part.

———————————————

JONATHAN I. BLACKMAN (CARMINE D. BOCCUZZI, CHRISTOPHER P. MOORE, *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, New York, *for Defendant-Appellant*.

BERTRAND C. SELLIER (MARK D. HARRIS, WILLIAM H. WEISMAN, *on the brief*), Proskauer Rose LLP, New York, New York, (GUILLERMO A. GLEIZER, New York, New York, HOWARD SIROTA, SAUL ROFFE, Sirota & Sirota LLP, Belle Harbor, New York, LOVELL STEWART HALEBIAN LLP, New York, New York, *on the brief*), for *Plaintiffs-Appellees*.

———————————————

BARRINGTON D. PARKER, *Circuit Judge*:

The Republic of Argentina appeals from eight final judgments of the United States

District Court for the Southern District of New York (Griesa, *J.*) granting relief to eight classes

consisting of holders of defaulted Argentine bonds. Argentina raises two issues. First, it

contends that the district court, when certifying the classes, misapplied Rule 23 of the Federal

Rules of Civil Procedure. Second, Argentina contends that the district court erroneously granted

aggregate, class-wide, as opposed to individualized, relief. We agree with the second contention

but not the first. Therefore, we affirm in part and remand in part.

## BACKGROUND

During the 1990s, Argentina experienced a severe economic crisis resulting in its 2001

default on roughly $80 to $100 billion of sovereign debt. *See* Martin Feldstein, *Argentina's Fall:*

*Lessons from the Latest Financial Crisis*, 81 FOREIGN AFF. 8 (2002).  Beginning in 2002, holders of the bonds, including the fourteen plaintiffs-appellees in this action, filed eight putative class actions and eventually moved for class certification.

Argentina resisted class certification on the ground (among others) that because overlapping counsel represented the eight classes, conflicts of interest existed with respect to the apportionment of any monetary judgments that might be awarded.  The district court granted class certification, concluding straightforwardly that the requirements of Rule 23 had been met.  The district court concluded that because of the substantial improbability that judgment creditors could ever reach assets belonging to Argentina, the possibility of real conflicts over the allocation of recoveries was "highly speculative."  *See* Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1604 (stating that a foreign state is "immune from the jurisdiction of the courts of the United States and of the States" unless one of several statutorily defined exceptions applies).  The court stated that if, at a later date, the conflict became more immediate, it could be revisited.  Accordingly, the court certified eight classes of plaintiffs who purchased bonds prior to the date the class actions were filed and who held them continuously until the time of final judgment.  The court appointed three firms as co-lead counsel in the eight cases.

Plaintiffs subsequently moved for summary judgment.  No significant questions existed concerning liability because it was clear that Argentina had defaulted on the bonds and owed money to the bondholders.  Complicated questions existed, however, as to which bondholders were class members and as to how much each class member could recover.  Class members bought at different times.  Some class members purchased their bonds from Argentina, while

3

others bought their bonds in the secondary market. Some class members accelerated their bonds, while others did not.

Because of these complexities, class counsel contended that the district court had the authority to award aggregate judgments based on reasonable estimates of the total amount of damages the classes might ultimately recover. Accurate aggregate damages calculations could be arrived at, class counsel argued, with the assistance of expert testimony, particularly where, as here, a large proportion of the relevant information concerning the bonds could come from public filings. Once these estimations were made and the judgments were entered, class members could apply to receive individualized awards. Each would be required to establish that they continuously held their bonds and to prove the amount of their claim. Should this approach, for any reason, prove unworkable, Rule 60(b) would, according to class counsel, permit the court to revisit its previously authorized procedures. This approach, class counsel argued, would afford some possibility of relief to the many holders of small claims who lacked the incentive or ability to pursue claims individually.

Argentina, on the other hand, took the position that aggregate judgments were inappropriate because they would lead to bloated, inaccurate judgments based on insufficient information that could not be squared with Rule 23 or Rule 60(b). Just as in any other case, Argentina argued, judgments in class actions such as these actions must be established by individualized proof, not by global estimates based on expert opinions.

The district court agreed with class counsel. It concluded that it had the "power and

4

discretion" to enter aggregate judgments in each case and was inclined to do so because they were based on "very good estimates." The court also noted that although the estimates were high, they could be revisited under Rule 60(b). Accordingly, the court granted plaintiffs summary judgment and agreed to enter aggregate class judgments in accordance with their estimates.[1] However, the district court did not explain the basis for its calculations. This appeal followed.

If the district court has applied the proper legal standards in deciding whether to certify a class, we review for abuse of discretion. *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999), *overruled on other grounds by Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec. Litig.)*, 471 F.3d 24, 40 (2d Cir. 2006); *accord Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 18 (2d Cir. 2003).

**DISCUSSION**

In order to qualify for class certification under Rule 23(b)(3), class counsel must satisfy four basic requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. If these criteria are met, the court must decide whether common questions of law or fact predominate and whether a class action is the superior means of adjudicating the controversy fairly and efficiently. Fed. R. Civ. P. 23(b)(3). The district court held that the eight classes satisfied Rule 23(b)(3)'s requirements. On appeal, Argentina contends that the eight

---

[1]The court entered judgments in the following amounts: *Seijas I*, $172,066,060.00; *Seijas II*, $473,393,190.00; *Castro*, $242,077,820; *Hickory Securities, Ltd.*, $215,975,000.00; *Azza I*, $332,980,312.00; *Azza II*, $543,869,875.00; *Puricelli*, $95,253,940.00; and *Chorny*, $167,459,484.00.

classes fail to satisfy Rule 23(b)(3)'s adequacy of representation, predominance, and superiority requirements. We treat each of these challenges in turn.

First, the representative parties must fairly and adequately protect the interests of the class. This inquiry, in part, considers the competency of class counsel and the existence of conflicts that might impair its representation. *Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997). Argentina argues that serious conflicts of interest exist because lead counsel represent all eight classes, as well as individual plaintiffs in non-class actions, and all of these plaintiffs are theoretically in competition with one another to recover on their judgments. A number of courts have recognized the problems associated with such overlapping representation. *See Kuper v. Quantum Chem. Corp.*, 145 F.R.D. 80, 83 (S.D. Ohio 1992); *see also Jackshaw Pontiac, Inc. v. Cleveland Press Publ'g Co.*, 102 F.R.D. 183, 192 (N. D. Ohio 1984); *Sullivan v. Chase Inv. Servs.*, 79 F.R.D. 246, 258 (N.D. Cal.1978); *cf. Dietrich v. Bauer*, 192 F.R.D. 119, 126 (S.D.N.Y 2000) (rejecting an argument that counsel was improperly conflicted because "the Court is not presented with a situation in which counsel simultaneously represents classes in parallel litigations seeking to tap the same pool of finite assets").

At the time the district court granted class certification, it concluded that the potential conflicts of interest would threaten the damages phase of the proceedings, not the liability phase. The district court promised to revisit the damages issue if necessary, recognizing its continuing obligation to do so. Fed. R. Civ. P. 23(c)(1). We have no doubt that the district court will continue to be alert to this issue in the course of subsequent proceedings and agree that the potential conflict did not justify refusing to certify the class.

Second, according to Argentina, questions of law or fact common to the class members do not predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). Rather, the only issue common among the classes' members is liability stemming from Argentina's default. Class certification to resolve this issue is "pointless," Argentina claims, because it concedes that it has not paid its external debt. However, Argentina's concession does not dispose of the issue. *See Augustin v. Jablonksy* (*In re Nassau County Strip Search Cases*), 461 F.3d 219 (2d Cir. 2006). In *In re Nassau County*, we considered whether defendants' concession of liability on issues common to a class eliminated that issue from predominance analysis. *Id.* at 227-28. We held that it did not, reasoning that even resolved questions of liability implicate whether a putative class shares a common nucleus of facts. *Id.* at 228.

Argentina also argues that the damages to which each class member is entitled is an individual, not a common, question. However, it is well-established that the fact that damages may have to be ascertained on an individual basis is not sufficient to defeat class certification. *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 231 (2d Cir. 2008). Accordingly, the district court did not abuse its discretion by finding that plaintiffs satisfied Rule 23(b)(3)'s predominance requirement. Furthermore, the hunt for assets capable of satisfying Argentina's obligations to the plaintiffs is at present a predominant concern and is common to all the members of all the classes.

Third, Argentina argues that plaintiffs fail to satisfy the "superiority" prong of Rule 23(b)(3). However, the district court correctly determined that proceeding individually would be prohibitive for class members with small claims. In such circumstances, the class action device

7

is frequently superior to individual actions. With the reservation that the certification of the classes may be either altered or terminated at future stages of the litigation, we see no reason why, for the time being, proceeding by class action is not superior, especially given the importance of the hunt for assets available to all the members of all the classes.

Additionally, whether the court is likely to face difficulties managing a class action bears on whether the proposed class satisfies the predominance and superiority requirements. Fed. R. Civ. P. 23(b)(3)(D). Argentina argues that since many of the bonds are traded in the secondary markets, determining the classes' compositions raises major manageability issues. However, manageability is an issue peculiarly within a district court's discretion, *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.* (*In re Visa Check/MasterMoney Antitrust Litg.*), 280 F.3d 124, 141 (2d Cir. 2001), *overruled on other grounds by Miles*, 471 F.3d at 40, 42, and the district court determined that all eight classes satisfied this requirement. In any event, we see no reason to second guess the district court's judgment as to manageability.

Argentina next argues that the district court erred by entering aggregate class-wide judgments based on estimates of Argentina's liability. In particular, Argentina argues that the district court's approach violated the Rules Enabling Act (the "Act"), 28 U.S.C. § 2072(b). See *McLaughlin*, 522 F.3d at 231-32. The Act provides that federal rules of procedure cannot be used to "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b).

The district court did not explain how it calculated the class-wide awards. Nonetheless, it acknowledged, on the record, that its estimates were likely inflated. The court reasoned that

8

granting inflated judgments was justifiable because, given Argentina's general refusal to pay any judgment against it, plaintiffs were unlikely to recover. However practical this approach might have been, we conclude that it was improper. Here, as in *McLaughlin*:

> [S]uch an aggregate determination is likely to result in an astronomical damages figure that does not accurately reflect the number of plaintiffs actually injured by defendants and that bears little or no relationship to the amount of economic harm actually caused by defendants. This kind of disconnect offends the Rules Enabling Act, which provides that federal rules of procedure, such as Rule 23, cannot be used to "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b).

See *McLaughlin*, 522 F.3d at 231.

Estimating gross damages for each of the classes as a whole, without using appropriate procedures to ensure that the damages awards roughly reflect the aggregate amount owed to class members, enlarges plaintiffs' rights by allowing them to encumber property to which they have no colorable claim. *Id.*; *see also Eisen*, 479 F.2d at 1019; *Molski v. Gleich*, 318 F.3d 937, 954 (9th Cir. 2003); *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 312 n.30 (5th Cir. 1998). For these reasons, we vacate the district court's judgments. We remand so that it can, using the variety of tools available for assistance, consider alternative approaches that will set damages awards that more closely reflect the losses class members experienced.

## CONCLUSION

The judgments of the district court are affirmed in part and remanded in part for further proceedings consistent with this Opinion.

9