09-3888-cv
Seijas v. Republic of Argentina

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirty-first day of August, two thousand and ten.

PRESENT:

ROGER J. MINER,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
　　　　　*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Silva Seijas, Heather M. Munton, and Thomas L. Pico Estrada,

　　　　　*Plaintiffs-Appellants,*

　　　　　v.　　　　　　　　　　　　　　　　　　　No. 09-3888-cv

THE REPUBLIC OF ARGENTINA,

　　　　　*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLEE:**　　　CARMINE D. BOCCUZZI (Jonathan I. Blackman and Christopher P. Moore, *on the brief*; Ann Nee, *of counsel*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY.

1

**FOR PLAINTIFFS-APPELLANTS:**　　　　Howard B. Sirota, Belle Harbor, NY (Proskauer Rose LLP, New York, NY; Guillermo A. Gleizer, New York, NY; and Lovell Stewart & Halebian, LLP New York, NY, *on the brief*).

Appeal from a August 19, 2009 judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be **DISMISSED WITHOUT PREJUDICE**.

In December 2001, The Republic of Argentina defaulted on $80 to $100 billion of its sovereign debt obligations to domestic and foreign creditors. *Seijas v. Republic of Argentina*, 606 F.3d 53, 55 (2d Cir. 2010). Plaintiffs are a class of holders of defaulted Argentine debt. On January 9, 2009 the District Court entered a $2.2 billion judgment in favor of plaintiffs for losses arising from the 2001 default.

In the instant case, plaintiffs claim that (1) Aerolíneas Argentinas S.A., an Argentine commercial airline that was re-nationalized in 2008, is the "alter ego" of the Republic; (2) the assets of Aerolíneas can therefore be used to satisfy the debts of the Republic pursuant to *First National City Bank v. Banco Para el Comercio Exterior de Cuba,* 462 U.S. 611, 629–30 (1983) ("*Bancec*") (an instrumentality of a foreign state is presumptively immune from the debts of the parent state *unless* the targeted entity is the "alter ego" of the parent state); and (3) the assets of Aerolíneas in the United States should therefore be "turned over" to plaintiffs pursuant to New York Civil Procedure Law and Rules 5225 in order to enforce the January 9, 2009 judgment against the Republic, *see Knapp v. McFarland*, 462 F.2d 935, 941–42 (2d Cir. 1972) (describing N.Y. C.P.L.R. § 5225 as a special enforcement proceeding to transfer the interests of judgment debtors to judgment creditors). *abrogated on other grounds by Keeton v. Hustler Magazine, Inc.*, 815 F.2d 857, 859–60 (2d Cir. 1987). On August 19, 2009, the District Court concluded that Aerolíneas is not the alter ego of Argentina and therefore denied plaintiffs' motion to turn over Aerolíneas's U.S. assets. Plaintiffs filed a timely appeal of that order.

On May 27, 2010, during the pendency of this appeal, we vacated and remanded the underlying January 9, 2009 judgment to permit the District Court to calculate the losses attributable to individual members of eight certified classes, including the members of the class at issue in the present appeal. *Seijas*, 606 F.3d at 58-59. Plaintiffs' turn-over motion is attempting to enforce a judgment that has been vacated and, therefore, this appeal is moot.

It is well settled that under the "general rule" of mootness, a court's subject-matter jurisdiction ceases "when an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *United*

2

*States v. Quattrone*, 402 F.3d 304, 308-09 (2d Cir. 2005) (internal quotation marks omitted). Here plaintiffs have sought post-judgment enforcement of the January 9, 2009 judgment through a turn-over proceeding pursuant to N.Y. C.P.L.R. § 5225. Under such a proceeding, "the court shall order that the judgment debtor pay the money, *or so much of it as is sufficient to satisfy the judgment*, to the judgment creditor." N.Y. C.P.L.R. § 5225(a) (emphasis added). Even if we agreed with plaintiffs that the District Court erred in concluding that Aerolíneas is not the alter ago of the Republic with respect to plaintiffs' claims arising from the 2001 default—a subject on which we intimate no view—plaintiffs' turn-over motion would still be dismissed for want of jurisdiction in the absence of an underlying enforceable judgment.

Because we cannot "grant any effectual relief . . . to a prevailing party" until the District Court has entered a judgment in this case or plaintiffs move for pre-judgment security attachment, this appeal must be dismissed as moot without prejudice to reinstatement.

**CONCLUSION**

Because this appeal is moot absent a judgment upon which Plaintiffs may premise a turn-over motion under N.Y. C.P.L.R. § 5225, we **DISMISS** the appeal without prejudice to reinstatement. This panel will retain jurisdiction over any subsequent appeal; either party may notify the Clerk of a renewed appeal within fourteen days of the District Court's decision. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3