11-3317-cv(L)
Hickory Securities Ltd. v. Republic of Argentina

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of August, two thousand twelve.

PRESENT:
        RALPH K. WINTER,
        CHESTER J. STRAUB,
        DENNY CHIN,
                _Circuit Judges_.

- - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| HICKORY SECURITIES LTD., CESAR RAUL | 11-3317-cv (Lead) |
| CASTRO, SILVIA SEIJAS, HEATHER M. | 11-3321-cv (Con) |
| MUNTON, THOMAS L. PICO ESTRADA, EMILIO | 11-3323-cv (Con) |
| ROMANO, RUBEN WEISZMAN, ANIBAL CAMPO, | 11-3324-cv (Con) |
| MARIA COPATI, RUBEN CHORNY, ELIZABETH | 11-3329-cv (Con) |
| ANDREA AZZA, RODOLFO VOGELBAUM, CLAUDIA | 11-3331-cv (Con) |
| FLORENCIA VALLS, EDUARDO PURICELLI, | 11-3354-cv (Con) |
| _Plaintiffs-Appellees_, | 11-3373-cv (Con) |

                -v.-

REPUBLIC OF ARGENTINA,
        _Defendant-Appellant_.

- - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLEES:      JENNIFER R. SCULLION (Charles S. Sims, William H. Weisman, Jean Clemente, _on the brief_), Proskauer Rose LLP, New York, New York.

                               Michael Diaz, Jr., Carlos F. Gonzalez, Albert Xiques, Marta Colomar-Garcia, _on the brief_, Diaz Reus & Targ, LLP, Miami, Florida.

                               Howard Sirota, _on the brief_, Belle Harbor, New York.

FOR DEFENDANT-APPELLANT:     CARMINE D. BOCCUZZI (Jonathan I. Blackman, Christopher P. Moore, on the brief), Cleary Gottlieb Steen & Hamilton LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Griesa, J.).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

Defendant-appellant Republic of Argentina ("Argentina") appeals from eight judgments entered July 22, 2011 by the district court, granting aggregate class-wide relief to eight classes of plaintiff-appellee owners of beneficial interests in defaulted Argentine bonds.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision.

In 2004, plaintiff class representatives, claiming to own beneficial interests in eight series of defaulted Argentine bonds, filed eight putative class actions and moved for class certification.  On August 5, 2005, the district court granted class certification in each action.  The classes consisted of bondholders who purchased Argentine bonds prior to the filing of the class action for each respective bond series and who held such bonds continuously until entry of judgment by the district court.  On January 9, 2009, following motions for summary judgment by the plaintiffs in each of the eight actions, the

-2-

district court entered judgments granting aggregate class-wide relief to each of the plaintiff classes.

Argentina appealed, challenging class certification and the award of aggregate relief. See Seijas v. Republic of Argentina, 606 F.3d 53 (2d Cir. 2010) ("Seijas I"). It contended, inter alia, that the aggregate amounts were improperly based on estimates of the total amount each class might recover without accounting for bondholders who might not have held bonds continuously during the class period (i.e., they purchased bonds in the secondary market after the start of the class periods in 2004) or who held bonds that had not yet matured or been accelerated. It argued, therefore, that aggregate relief was improper and individualized proof of damages was necessary. Plaintiffs asserted that aggregate damages were proper and could be accurately estimated based on, in part, expert analysis of data found in public filings on each respective bond series. They further argued that once such judgments were entered, class members could present proof of continuous ownership during the class period and apply for individual awards.

On May 27, 2010, we affirmed the district court's certification of the classes, but vacated its judgments granting aggregate class-wide relief. See Seijas I, 606 F.3d at 59. We held that the district court erred in basing the judgments on estimates of Argentina's liability that resulted in class-wide awards that were "likely inflated." Id. at 58-59. Specifically, we concluded that "[e]stimating gross damages for each of the

-3-

classes as a whole, without using appropriate procedures to ensure that the damages awards roughly reflect the aggregate amount owed to class members, enlarges plaintiffs' rights by allowing them to encumber property to which they have no colorable claim," thus violating the Rules Enabling Act, 28 U.S.C. § 2072(b).  Seijas I, 606 F.3d at 58-59 (citing McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 231 (2d Cir. 2008), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008)).  We remanded so that the district court could consider alternative approaches to calculating damages "that more closely reflect the losses class members experienced."  Seijas I, 606 F.3d at 59.

On remand, plaintiffs presented revised aggregate damage awards that deducted for (1) bonds tendered in Argentina's two debt exchange offers, (2) bonds held by parties who had opted out of the class actions, and (3) bonds held by parties pursuing relief through other legal proceedings.  These awards did not account for bonds purchased in the secondary market after the start of the class periods in 2004.  Plaintiffs relied on the testimony and declaration of their proposed expert, Professor Michael Adler, to assert that the "overwhelming majority" of such bonds had likely been sued on in separate proceedings or tendered in one of Argentina's two debt exchange offers.  (Adler Decl. ¶ 14).  Throughout the proceedings below, Argentina continued to object to the aggregate judgments.

-4-

At a hearing on May 9, 2011, the district court ruled, over Argentina's objection, that bond series in three of the eight actions that had not yet matured were deemed accelerated. The district court further directed the parties to finalize their damage calculations and present final revised aggregate judgments to the court for approval. On July 19, 2011, the parties stipulated to final revised aggregate judgment awards for each plaintiff class "without waiver" of Argentina's objections to "aggregate judgments and acceleration." (J.A. 3069–70, ECF No. 66). On July 22, 2011, the district court approved the stipulation and entered the judgments accordingly.

On appeal, Argentina contends principally that the district court (1) erred in granting aggregate class-wide relief and (2) improperly deemed the three series of bonds accelerated. We address each issue in turn.

1. **Aggregate Judgments**

Argentina argues that the district court improperly awarded aggregate class-wide relief based on damage calculations similar to those rejected in Seijas I and failed to account for bonds purchased in the secondary market after the start of the class periods in 2004.[1]

"'Although the amount of recoverable damages is a question of fact, the measure of damages upon which the factual

---

[1] To the extent that plaintiffs argue that Argentina waived this point in entering into the July 22, 2011 stipulation, we reject that argument. Argentina's position on aggregate judgments necessarily incorporates objections to how damages are calculated at an aggregate level.

computation is based is a question of law.'" Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d 33, 40 (2d Cir. 2009) (quoting Wolff & Munier, Inc. v. Whiting-Turner Contracting Co., 946 F.2d 1003, 1009 (2d Cir. 1991)). Accordingly, we review a district court's applied method of damage calculation de novo and the amount it determines to be recoverable under such a calculation for clear error. See Bessemer Trust Co., N.A. v. Branin, 618 F.3d 76, 85 (2d Cir. 2010).

Aggregate class-wide damages are not per se unlawful. See, e.g., Van Gemert v. Boeing Co., 553 F.2d 812, 815-16 (2d Cir. 1977) ("Van Gemert II") (affirming, in part, award of aggregate damages to plaintiff class of bondholders); Gerstle v. Gamble-Skogmo, Inc., 478 F.2d 1281, 1290, 1310 (2d Cir. 1973) (modifying and affirming award of aggregate damages in securities class action); see also In re Pharm. Indus. Average Wholesale Price Litig., 582 F.3d 156, 197-98 (1st Cir. 2009) ("The use of aggregate damages calculations is well established in federal court and implied by the very existence of the class action mechanism itself."). As we stated in Seijas I, however, a district court must "ensure that the damages awards roughly reflect the aggregate amount owed to class members." 606 F.3d at 58-59. Although "damages need not usually be demonstrated with precision," aggregate calculations that result in inflated damage figures that do "not accurately reflect the number of plaintiffs actually injured" and "bear[] little or no relationship to the amount of economic harm actually caused by defendants" violate

-6-

the Rules Enabling Act.  <u>McLaughlin</u>, 522 F.3d at 229, 231 (internal quotation marks and alteration omitted).

We have conducted an independent review of the record in light of these principles and conclude that the district court erred in granting aggregate class-wide judgments without sufficiently accounting for non-continuous bondholders.

Here, aggregate class-wide relief would not be improper so long as it accurately reflected the losses to the class and adequately accounted for bondholders who are not class members. Although we recognize the efforts of the district court and the parties below to account for bonds tendered in the debt exchange offers and held by opt-out parties and litigants in other proceedings, the district court still has not adequately addressed, much less resolved, the "[c]omplicated question[]," <u>Seijas I</u>, 606 F.3d at 56, of the volume of bonds purchased in the secondary market after 2004 that were not tendered or are currently held by opt-outs or other litigants.  In that regard, there is little difference between the calculation of these aggregate judgments and that of the judgments we previously vacated in <u>Seijas I</u>.

Although the district court on remand initially inquired as to the trading of bonds in the secondary market and the possibility of expert analysis to determine the volume, it did not direct a specific course of action with respect to resolving the issue nor did it make any findings.  Further, there is nothing in the record to indicate that the district court

accepted -- or even considered -- Professor Adler's analysis and conclusions in entering the aggregate judgments.

In addition, we are not convinced that Professor Adler's testimony or declaration resolves the issue. His conclusion that the "overwhelming majority" of bonds traded in the secondary market post-2004 have been tendered or are held by parties in other legal proceedings and that "very few . . . have been held, passively, until today" (Adler Decl. ¶ 14) does not appear to be based on any specific calculation. Indeed, the plaintiffs did not ask Professor Adler to calculate such amounts. Professor Adler also conceded that there was trading of bonds in the secondary market throughout and after the 2010 debt exchange offer but that he could not determine the volume of such trading or identify the bondholders involved.

Accordingly, on remand, the district court shall conduct an evidentiary hearing to resolve these issues. Specifically, it shall: (1) consider evidence with respect to the volume of bonds purchased in the secondary market after the start of the class periods that were not tendered in the debt exchange offers or are currently held by opt-out parties or litigants in other proceedings; (2) make findings as to a reasonably accurate, non-speculative estimate of that volume based on the evidence provided by the parties; (3) account for such volume in any subsequent damage calculation such that an aggregate damage award would "roughly reflect" the loss to each class, see Seijas I, 606 F.3d at 58-59; and (4) if no reasonably accurate, non-speculative

estimate can be made, then determine how to proceed with awarding damages on an individual basis.  Ultimately, if an aggregate approach cannot produce a reasonable approximation of the actual loss, the district court must adopt an individualized approach.[2]

## 2.   **Acceleration**

Argentina argues that the district court erred in declaring the series of bonds in three of the class actions -- Castro v. Republic of Argentina, No. 04 Civ. 506 (S.D.N.Y. filed Jan. 22, 2004) ("Castro"), Hickory Securities Ltd. v. Republic of Argentina, No. 04 Civ. 936 (S.D.N.Y. filed Feb. 4, 2004) ("Hickory"), and Puricelli v. Republic of Argentina, No. 04 Civ. 2117 (S.D.N.Y. filed Mar. 17, 2004) ("Puricelli") -- accelerated in disregard of the acceleration requirements contained in the Fiscal Agency Agreement (the "FAA") that governs the bonds. Specifically, it contends, inter alia, that acceleration notices sent by class counsel in 2004 and 2011 on behalf of the class representatives and each entire class, respectively, were invalid under the FAA.  Argentina further posits that class counsel cannot assert the contractual rights of individual absent class members to accelerate their bonds.  We conclude that Argentina's arguments are without merit.

---

[2]     In addition, first entering aggregate judgments inconsistent with the foregoing and then moving forward with an individual claims process would not allay our concerns.  See McLaughlin, 522 F.3d at 231 ("Roughly estimating the gross damages to the class as a whole and only subsequently allowing for the processing of individual claims would inevitably alter defendants' substantive right to pay damages reflective of their actual liability.").

-9-

In affirming class certification in these actions, we observed in Seijas I that "the representative parties must fairly and adequately protect the interests of the class." 606 F.3d at 57. We have also previously recognized that a "certification under Rule 23(c) makes the [c]lass the attorney's client for all practical purposes." Van Gemert v. Boeing Co., 590 F.2d 433, 440 n.15 (2d Cir. 1978) ("Van Gemert IV"); see also Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class.").

Here, we find the acceleration notices sent by class counsel on behalf of each class to be sufficient under the FAA and, for "practical purposes," see Van Gemert IV, 590 F.2d at 440 n.15, in keeping with the appropriate duties of class counsel in their representation of all class members in these actions.

In the event of non-payment of principal or interest or a declared moratorium on payment of principal or interest, the FAA provides that "each holder of Securities of such Series may by such notice in writing declare the principal amount of Securities or such Series held by it to be due and payable immediately." (J.A. 3037-38, ECF No. 66). Class counsel's notices sent in March 2011 were adequate in that regard.[3] Argentina had defaulted on these bonds. It conceded before the district court that it had no intention of resuming payments. Class counsel, acting on behalf of the plaintiff classes, sent

_____

[3] As we find the March 2011 acceleration notices sufficient, we do not address the parties' arguments as to the 2004 acceleration notices.

the acceleration notices to Argentina's fiscal agent as required by the FAA.

Moreover, in affirming class certification in <u>Seijas I</u>, we effectively authorized class counsel to act on behalf of each class and its members and to represent their interests. <u>See</u> Fed. R. Civ. P. 23(g)(4). Filing acceleration notices in actions seeking payment of principal due on defaulted bonds does just that. For Argentina to argue that class counsel's notices strip individual class members of their right to "strategic[ally]" decide whether to continue to be "entitled to receive interest payments that would otherwise have become due" in lieu of unpaid principal (Appellant's Br. 50) is disingenuous. As Argentina acknowledges, it ceased servicing this debt in 2001. Acceleration protects the interest of the class members, and class counsel properly took collective action on behalf of the classes to effectuate it.

Accordingly, we affirm the ruling of the district court in deeming the bonds at issue in <u>Castro</u>, <u>Hickory</u>, and <u>Puricelli</u> accelerated.

### CONCLUSION

We have considered the parties' other arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-11-