STEPHEN A. HIGGINSON, Circuit Judge,
joined by JOLLY, DAVIS, JONES, SMITH, and CLEMENT, Circuit Judges, dissenting;
Heredia-Holguin, not a United States citizen, and no longer in this country, does not contest his conviction or deportation. Convicted of illegally reentering the country after deportation — and having served his one year prison sentence — Heredia-Holguin has been deported a second time to Mexico, where he is not being supervised by the United States government. See 18 U.S.C. § 3624(e). He makes no *344 suggestion that he is abiding by any post-imprisonment release condition imposed on him by the criminal sentence he did not object to, such as, for example, the condition that he refrain from alcohol. Cf. United States v. Campos-Serrano, 404 U.S. 293, 294 n. 2, 92 S.Ct. 471, 30 L.Ed.2d 457 (1971) (overturning conviction and sentence because defendant “is living under those restraints today”). Even were we to perceive plain error as to supervision that is not occurring, Heredia-Holguin neither could nor presumably would appear for resentencing, which might be unfavorable in outcome. See United States v. Williams, 475 F.3d 468, 479 n. 6 (2d Cir.2007); Fed.R.Crim.P. 43(a)(3). See generally United States v. Triestman, 178 F.3d 624, 630-31 (2d Cir.1999) (Sotomayor, J.). In such circumstances, where Heredia-Holguin cannot show an actual injury likely to be redressed by a favorable judicial decision, I would follow our precedent,[1] consistent with a near consensus of our sister courts,[2] and dismiss his appeal. See Spencer v. Kemna, 523 U.S. 1, 14-16, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); see also Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (“[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed.” (internal quotation marks omitted)). Following the Second Circuit’s pragmatic approach, see Seijas v. Republic of Argentina, 391 Fed.Appx. 901, 903 (2d Cir.2010)[3]; 28 U.S.C. § 2106; 5th Cir. R. 42.4, this dismissal would be without prejudice; If Heredia-Holguin seeks to reenter the United States, cognizant of his supervision conditions, he would be required to inform the court in writing of his intention to reinstate this appeal challenging “restraints imposed by the District Court pursuant to his conviction.” Campos-Serrano, 404 U.S. at 294 n. 2, 92 S.Ct. 471. Failing such notification prior to re-entry, the dismissal would be with prejudice.

. United States v. Rosenbaum-Alanis, 483 F.3d 381, 383 (5th Cir.2007) (distinguishing United States v. Lares-Meraz, 452 F.3d 352 (5th Cir.2006)). Cf. United States v. Segura-Resendez, 515 Fed.Appx. 316, 319 (5th Cir.2013) (dismissing "for lack of appellate jurisdiction”).

. See United States v. Frook, 616 F.3d 773, 778 (8th Cir.2010); United States v. Vera-Flores, 496 F.3d 1177, 1182 (10th Cir.2007); United States v. Mercurris, 192 F.3d 290, 293-95 (2d Cir.1999); United States v. DeLeon, 444 F.3d 41, 55-56 (1st Cir.2006); Okereke v. United States, 307 F.3d 117, 121 (3d Cir.2002). But see United States v. Solano-Rosales, 781 F.3d 345, 350, 355 (6th Cir.2015).

.Compare Mercurris, 192 F.3d at 294 (dismissing appeal), with United States v. Montez-Gaviria, 163 F.3d. 697, 700 (2d Cir.1998) (exercising discretion to decline to dismiss appeal), and with United States v. Suleiman, 208 F.3d 32, 41 (2d Cir.2000) (affirming sentence without prejudice to subsequent motion to modify).