23-500-cv (L)
Lewis v. The Government of England and the United Kingdom

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-three.

PRESENT:   DENNIS JACOBS,
                      RAYMOND J. LOHIER, JR.,
                      WILLIAM J. NARDINI,
                               *Circuit Judges*.

------------------------------------------------------------------

MARION T.D. LEWIS, Individually and on Behalf of all others similarly situated,

                      *Plaintiff-Appellant*,

                      v.                                        Nos. 23-500-cv, 23-544-cv

THE GOVERNMENT OF ENGLAND AND THE UNITED KINGDOM, THE INSTITUTION OF THE BRITISH MONARCHY OR THE CROWN, ATTN: RT HON VICTORIA PRENTIS MP in her capacity as Attorney General for the United Kingdom and the Monarchy or Crown; and MICHAEL TOMLINSON in his capacity as Solicitor General of the United Kingdom and Crown,

*Defendants-Appellees.**

-------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:   Marion T.D. Lewis, *pro se*, New York, NY

FOR DEFENDANTS-APPELLEES:  No appearance

Appeal from orders of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders of the District Court are AFFIRMED.

Marion T.D. Lewis, an attorney proceeding *pro se*, appeals from orders of the United States District Court for the Southern District of New York (Rochon, *J.*) denying her motions for class certification, reconsideration of that denial, and a preliminary injunction.   Lewis brought an action asserting injuries arising from the lasting historical harms of the transatlantic slave trade and moved to certify two classes in which she would serve as both class counsel and class representative.   She also sought a preliminary injunction that would require the Defendants, the Government of England and the United Kingdom and the British monarchy, to place $3 billion in escrow pending the outcome of her suit.

---

* The Clerk of Court is directed to amend the caption as set forth above.

2

The District Court denied both motions and denied Lewis's motion for reconsideration as to the certification motion.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.   We have Article III jurisdiction because at least some of Lewis's claims arise under the Fourteenth Amendment.   *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010).[†]

We turn first to Lewis's appeal of the District Court's order denying class certification.[‡]   We review a district court's denial of a motion for class

---

[†] It is not immediately apparent that we have statutory jurisdiction, given the immunity conferred to the Defendants under the Foreign Sovereign Immunities Act.   *See* 28 U.S.C. §§ 1604, 1605.   We have previously assumed hypothetical jurisdiction "where there is no doubt that we have Article III jurisdiction, where the statutory jurisdictional issue is novel and not addressed by the parties, and where the merits turn on a straightforward textual analysis."   *In re Fogarty*, 39 F.4th 62, 70 n.11 (2d Cir. 2022). Given the similar situation presented here, we do the same.

[‡] Under Federal Rule of Civil Procedure 23(f), we "may permit an appeal from an order granting or denying class-action certification," but "[a] party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered." Lewis has not petitioned for permission to appeal.   We may nonetheless proceed to the merits of Lewis's appeal of the certification order because the fourteen-day filing requirement is "a nonjurisdictional claim-processing rule" that "can be waived or forfeited by an opposing party."   *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019).   Because Lewis's opposing party has not entered an appearance in this matter, we decline to raise the potential objection to the appeal of our own accord.

3

certification for abuse of discretion. *In re Petrobras Sec.*, 862 F.3d 250, 260 (2d Cir. 2017). A district court may certify a class only if, among other requirements, a plaintiff shows that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Elisa W. v. City of New York*, 82 F.4th 115, 122 (2d Cir. 2023) (quoting Fed. R. Civ. P. 23(a)).

We conclude that the District Court did not abuse its discretion in determining that the fourth requirement of Rule 23(a) – adequate representation – was not satisfied. The adequate representation inquiry "considers the competency of class counsel and the existence of conflicts that might impair its representation." *Seijas v. Republic of Argentina*, 606 F.3d 53, 57 (2d Cir. 2010). We have accordingly affirmed the disqualification of a *pro se* attorney as a class representative, questioning the "professional propriety of [the plaintiff's] wearing two hats, one as class representative and the other as class counsel." *Lowenschuss v. Bluhdorn*, 613 F.2d 18, 20 (2d Cir. 1980). We thus hold that the District Court did not abuse its discretion in finding that Lewis could not

4

adequately represent the class and serve as class counsel. *Cf. Kay v. Ehrler*, 499 U.S. 432, 437 (1991) ("Even a skilled lawyer who represents himself is at a disadvantage in contested litigation.").

For the same reasons, we affirm the District Court's denial of Lewis's motion for reconsideration. Lewis has abandoned the only new argument she made on reconsideration, namely that an exception to our rule against class representatives serving as class counsel should exist for class counsel who agree to forgo attorneys' fees.

Turning to the District Court's denial of Lewis's motion for a preliminary injunction, we review for abuse of discretion, *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 666 (2d Cir. 2023), and affirm. Lewis failed to show "a 'real or immediate threat' of injury" and thus "lack[ed] standing to pursue injunctive relief." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Lewis argues that she suffers from an ongoing harm without explaining how requiring the Defendants to set aside money in escrow would alleviate that harm. Lewis also argues that she will be unable to collect damages from the Defendants if an injunction is not granted, but as support for that proposition she cites only the Defendants' failure to

5

appear in this action.   The alleged harm is too "conjectural or hypothetical" to support standing for a preliminary injunction.   *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quotation marks omitted).

We have considered Lewis's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the orders of the District Court are AFFIRMED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>