# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2010

No. 09-50808
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER FLORES-VALDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-111-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Javier Flores-Valdez (Flores) appeals his sentence of 36 months of imprisonment and three years of supervised release for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). However, in his written plea agreement, Flores waived his right to appeal his sentence on any ground, except for ineffective assistance of counsel or prosecutorial misconduct.

Flores does not assert that his appeal waiver is invalid or unenforceable. The record of the rearraignment hearing indicates that Flores read and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

understood his plea agreement and that he raised no question regarding the appeal waiver. Therefore, his waiver was knowing and voluntary. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Flores's challenges to his sentence do not fall within the exceptions to the appeal waiver. *See id.* at 746-47. Therefore, the appeal waiver bars the instant appeal.[1]

Flores's conviction is AFFIRMED. However, this case is REMANDED pursuant to FED. R. CRIM. P. 36 for the limited purpose of correcting a clerical error in the judgment to reflect that Flores was convicted and sentenced under § 1326(a) and (b)(1) rather than § 1326(a).

---

[1] Robert R. Sykes, counsel for Flores, did not address the appeal waiver or respond to the Government's argument regarding the appeal waiver. We caution counsel that pursuing a basis for appeal that is waived by a valid appeal waiver and failing to address the waiver in a reply brief after it is raised by the Government may result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).