# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2013

No. 11-41148

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

GREGORIO SEGURA-RESENDEZ,

Defendant – Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-259-1

Before JOLLY, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gregorio Segura-Resendez pleaded guilty to reentry of removed alien in violation of 8 U.S.C. § 1326(a) pursuant to a plea agreement. He appeals his sentence. First, he asserts the district court impermissibly delegated its authority to the executive branch. Second, he asserts the written judgment conflicts with the oral pronouncement of sentence because the written judgment does not state Segura-Resendez was sentenced under 8 U.S.C. § 1326(b)(2). As to the first assertion, we DISMISS the appeal for lack of appellate jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41148

As to the second assertion, we REFORM the judgment to reflect sentencing under 8 U.S.C. § 1326(b)(2).

## I

Gregorio Segura-Resendez pleaded guilty to violating 8 U.S.C. 1326(a), reentry of deported alien, pursuant to a plea agreement. The plea agreement contains the following waiver of appellate rights:

> Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself.

The district court sentenced Segura-Resendez to 96 months in prison and ordered him to pay a $100 assessment. In the oral pronouncement, the district court adopted the presentence report, which states the statutory provision applicable for determining the sentence is 8 U.S.C. § 1326(b)(2). Additionally, the oral pronouncement of sentence included the following:

> While you are incarcerated, I'll recommend that you participate in a substance-abuse treatment program, hopefully an alcohol-abuse treatment program. I'll recommend, because I think you'll have time, the residential—I don't know if they have a residential alcohol-abuse program. I know they have a residential drug-abuse program. I'm just going to

No. 11-41148

recommend whatever alcohol-treatment program that the Bureau of Prisons has for you.

When you are released from prison, Mr. Segura-Resendez, you'll be placed on supervised release for three years. You will be prohibited from possessing a firearm; you'll be required to provide the probation officer with access to requested financial information; you'll be required to participate in a program of testing and treatment for alcohol abuse; you must not use alcohol while you are on supervised release; you must also cooperate in the collection of DNA.

Additionally, when you are released from prison, you'll be immediately surrendered to an immigration official for deportation proceedings. The Court recommends, of course, that you be deported. In the event that for some reason you are not deported, you must comply with all the conditions of supervised release. If you are deported, which I anticipate, you must remain outside the United States.

In the written judgment, the district court included the following terms:

As a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings . . . . The court recommends that the defendant be deported. . . . In the event the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release . . . .

. . .

The defendant shall participate in a program of testing and treatment for alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

3

No. 11-41148

The written judgment states Segura-Resendez is guilty of violating 8 U.S.C. § 1326(a). The written judgment does not mention § 1326(b)(2). Segura-Resendez now appeals his sentence.

## II

Segura-Resendez asserts the district court impermissibly delegated its authority to the executive branch by mandating the following special condition in the written judgment: "The defendant shall participate in a program of testing and treatment for alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer." Additionally, Segura-Resendez asserts this written directive conflicts with the oral pronouncement of sentence, which does not mention a probation officer, but only mandates that Segura-Resendez "be required to participate in a program of testing and treatment for alcohol abuse . . . ." The Government asserts the appellate waiver bars Segura-Resendez's challenges and the challenges lack merit.

We need not reach the issue of whether the appellate waiver bars Segura-Resendez's challenges to the portion of the written judgment concerning the probation officer because these claims are not ripe for review. "A claim is not ripe for review if 'it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). In *Carmichael*, the defendants challenged the constitutionality of a requirement in their sentence that they allow the collection of samples of their DNA as a mandatory condition of supervised release. *Carmichael*, 343 F.3d at 759. We held their claim was not ripe for review because the Bureau of Prisons

No. 11-41148

was statutorily compelled to collect their DNA during their incarceration, meaning probation officers would not have to do so on supervised release. *Id.* at 761–62.

Just as it was "a matter of conjecture" whether the *Carmichael* defendants would have had to submit to DNA sampling on supervised release, *id.* at 762, it is a matter of conjecture whether Segura-Resendez will ever have to "participate in a program of testing and treatment for alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer." The district court made clear in the oral pronouncement and the written judgment that the Bureau of Prisons is to surrender Segura-Resendez to immigration authorities for deportation upon his release from incarceration. The district court recommended Segura-Resendez in fact be deported, so any possibility that Segura-Resendez will even be in the country and under supervised release is merely hypothetical.[1] Therefore, Segura-Resendez's challenges concerning the conditions of supervised release in the written judgment are not ripe for review. *See id.* at 761–62.

### III

Next, Segura-Resendez asserts the written judgment conflicts with the oral pronouncement of sentence because it does not state he was sentenced pursuant to § 1326(b)(2), whereas the oral pronouncement adopts the presentence report, which so states. The Government concedes this point and urges reformation of the judgment. *See United States v. Mondragon-Santiago*,

---

[1] Indeed, the Department of Homeland Security has lodged an immigration detainer against Segura-Resendez.

No. 11-41148

564 F.3d 357, 369 (5th Cir. 2009) (reforming judgment to reflect conviction and sentencing under § 1326(b)(1) where judgment erroneously reflected conviction and sentencing under § 1326(b)(2)); *cf. United States v. Flores-Valdez*, 381 F. App'x 329, 330 (5th Cir. 2010) (unpublished) (remanding to district court for reformation of judgment to reflect conviction and sentencing under § 1326(a) and (b)(1) where judgment reflected conviction and sentencing under only § 1326(a)). We agree that reformation is appropriate.

## IV

For these reasons, we DISMISS the appeal of the special conditions of supervised release for lack of appellate jurisdiction. Furthermore, we REFORM the judgment to reflect sentencing under 8 U.S.C. § 1326(b)(2).