# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11307
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDMUNDO GUERRERO-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:14-CR-25-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Edmundo Guerrero-Gonzalez appeals the sentence imposed upon his illegal reentry conviction. For the first time on appeal, Guerrero-Gonzalez argues that the 57-month term of imprisonment, which is at the top of the advisory guidelines range, is substantively unreasonable and that the alcohol abstinence special condition of supervised release is unreasonable. We review his arguments for plain error. *See Puckett v. United States*, 556 U.S. 129, 135

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2009); *see also United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

The within-guidelines sentence is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Guerrero-Gonzalez has not demonstrated that the 57-month term of imprisonment failed to account for a sentencing factor that should have received significant weight. Thus, he has not rebutted the presumption that the within-guidelines sentence is reasonable. *See Cooks*, 589 F.3d at 186.

Guerrero-Gonzalez argues that the special condition of supervised release that requires his total abstinence from the use of alcohol is plainly unreasonable. The Government argues that this issue is not ripe for review. We conclude that the ripeness issue is governed by *United States v. Ellis*, 720 F.3d 220, 225-26 (5th Cir. 2013) where we addressed the merits of various conditions of supervised release, such as prohibitions on use of a computer, but found the challenge to possible mental health treatment unripe for review because such treatment may never occur. Here, the challenged condition is intended to take effect immediately upon release. Thus, we decline the Government's argument that we should extend the reasoning of *United States v. Segura-Resendez*, 515 F. App'x 316, 319 (5th Cir. 2013), to this case. *See also United States v. Duke*, 788 F.3d 392, 401 (5th Cir. 2015) ("[T]he possibility of future modification [of a condition of supervised release] has no bearing on whether the district court abused its discretion today."); s*ee also* 18 U.S.C. § 3624(e); *United States v. Garcia-Rodriguez*, 640 F.3d 129, 133 (5th Cir. 2011).

The district court has wide discretion to impose any special condition of supervised release it considers appropriate, to the extent that such condition (1) is reasonably related to certain sentencing factors, (2) involves no greater deprivation of liberty than is reasonably necessary to meet certain sentencing purposes; and (3) is consistent with any relevant policy statement. *See United*

No. 14-11307

*States v. Weatherton*, 567 F.3d 149, 152-53 (5th Cir. 2009); U.S.S.G. § 5D1.3(b); 18 U.S.C. § 3583(d)(2).  As shown by Guerrero-Gonzalez and the Government's arguments, whether the district court erred in imposing the alcohol abstinence special condition is subject to reasonable dispute.  Accordingly, in this case, even if the court erred, any error is not clear or obvious.  *See Puckett*, 556 U.S. at 135 ("[T]he legal error must be clear or obvious, rather than subject to reasonable dispute."); *see also United States v. Carrillo*, 660 F.3d 914, 930 (5th Cir. 2011).

AFFIRMED.