13-3070-cv

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2014

No. 13-3070-cv

MATTHEW ROACH, MELISSA LONGO, GARRETT TICHEN,
CHRISTINA APPLE,
*Plaintiffs-Appellants*,

*v.*

T.L. CANNON CORP., d/b/a Applebees, T.L. CANNON MANAGEMENT
CORP., TLC WEST, LLC, TLC CENTRAL, LLC, TLC UTICA, LLC, TLC
EAST, LLC, TLC NORTH, LLC, DAVID A. STEIN, individually and as
Owner and Chairman of T.L. Cannon Corp. and as Director and
Chairman of T.L. Cannon Management Corp., MATTHEW J.
FAIRBARN, individually and as Owner and President of T.L. Cannon
Corp. and as Director and Chief Executive Officer of T.L. Cannon
Management Corp., JOHN A. PERRY, individually and as Vice-
President and Director of Operations of T.L. Cannon Corp. and as
President of T.L. Cannon Management Corp.,
*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of New York.
No. 10-cv-591 — Thomas J. McAvoy, *Judge*.

ARGUED: SEPTEMBER 8, 2014
DECIDED: FEBRUARY 10, 2015

---

Before: JACOBS and DRONEY, *Circuit Judges*; KAPLAN, *District Judge*.[*]

---

Appeal from an order of the United States District Court for the Northern District of New York (McAvoy, *Judge*) denying class certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure. We hold that *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), does not require that damages be measurable on a classwide basis for certification under Rule 23(b)(3). Since the district court denied class certification solely because it believed damages were not measurable on a classwide basis, we **VACATE** and **REMAND**.

---

SCOTT MICHELMAN, Public Citizen Litigation Group, Washington, DC, (J. Nelson Thomas, Michael J. Lingle, and Annette Gifford, Thomas & Solomon, LLP, Rochester, NY, Frank S. Gattuso and Dennis G. O'Hara, O'Hara, O'Connell & Ciotoli, Fayetteville, NY, Michael T. Kirkpatrick, Public Citizen Litigation Group, Washington, DC, *on the brief*), *for Plaintiffs-Appellants*.

CRAIG R. BENSON, Littler Mendelson, P.C. (Andrew P. Marks, Elena Paraskevas-Thadani, and Erin W. Smith, *on the brief*), New York, NY, *for Defendants-Appellees*.

---

[*] The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

Jamie G. Sypulski, Law Office of Jamie Golden Sypulski, and Douglas M. Werman, Werman Law Office, P.C., Chicago, IL, *for the National Employment Lawyers Association as* amicus curiae *in support of Plaintiffs-Appellants*.

————————————

DRONEY, *Circuit Judge*:

This appeal presents the question of whether the Supreme Court's decision in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), overruled the law of this Circuit that class certification pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure cannot be denied merely because damages have to be ascertained on an individual basis.  The United States District Court for the Northern District of New York (McAvoy, *J.*) concluded that *Comcast* permits certification under Rule 23(b)(3) only when damages are measurable on a classwide basis, and denied Plaintiffs-Appellants' motion for class certification.

We hold that *Comcast* does not mandate that certification pursuant to Rule 23(b)(3) requires a finding that damages are

capable of measurement on a classwide basis. Accordingly, we VACATE the order of the district court denying class certification, and REMAND.

**BACKGROUND**

Plaintiffs-Appellants ("Plaintiffs"), four former employees at certain Applebee's restaurants owned and operated in upstate New York by T.L. Cannon Corp. ("Cannon"), filed suit against Cannon in the United States District Court for the Northern District of New York.[1] The amended complaint alleged a collective action for violation of the Fair Labor Standards Act and a putative class action for violations of the New York Labor Law. Plaintiffs alleged that Cannon had a policy of not paying hourly employees an extra hour of pay when working a ten-hour work day as was then required by N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7 (the "spread-of-hours"

---

[1] Defendants also included corporate affiliates of Cannon and officers of the Cannon entities.

claim).[2] Plaintiffs also alleged that Cannon required its managerial staff to subtract pay for statutorily-mandated rest breaks that the employees did not actually take (the "rest-break" claim).[3]

Following discovery, Plaintiffs moved to certify subclasses corresponding to each New York Labor Law claim pursuant to Rule 23(b)(1) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. With respect to Rule 23(b)(3), Plaintiffs argued that issues common to the question of liability predominated over any individual questions relating to damages. The district court referred Plaintiffs'

---

[2] Effective January 1, 2011, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7 was repealed and its substantive provisions re-promulgated at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6. *See* 32 N.Y. Reg. 26 (Dec. 29, 2010).

[3] The New York Labor Law requires that employees be provided with meal breaks of specified lengths based on the times and durations of their shifts. *See* N.Y. Lab. Law § 162.

Plaintiffs also alleged that Cannon had a policy of not reimbursing its employees for uniforms and not paying its employees laundry fees as was then required by N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.8. Those New York Labor Law claims, as well as the collective action claims brought under the Fair Labor Standards Act, are not at issue on appeal.

motion to Magistrate Judge David E. Peebles, who issued a report and recommendation on March 5, 2013.

With respect to Plaintiffs' spread-of-hours claim, Magistrate Judge Peebles recommended that Plaintiffs' motion be granted in part. Magistrate Judge Peebles found that Plaintiffs had satisfied the Rule 23(a) prerequisites to class certification, but only with respect to minimum-wage employees employed between April 2005 and August 2010. Magistrate Judge Peebles also found that the common question of whether Cannon had a policy of depriving minimum-wage employees the extra hour of pay was subject to generalized proof that predominated over individual questions, thus warranting class certification under Rule 23(b)(3).

With respect to the rest-break claim, Magistrate Judge Peebles recommended that Plaintiffs' motion be denied. Magistrate Judge Peebles found that Plaintiffs had satisfied the commonality and typicality requirements of Rule 23(a), but that Plaintiffs could not

satisfy the adequacy of representation requirement because three of the four Plaintiffs, when serving in a managerial capacity, had revised employee timecards to deduct pay for untaken rest breaks. Because Plaintiffs could not satisfy the prerequisites to class certification under Rule 23(a), Magistrate Judge Peebles did not consider whether their rest-break claim warranted class certification under Rule 23(b).

Plaintiffs filed timely objections to Magistrate Judge Peebles's report and recommendation. With respect to Plaintiffs' spread-of-hours claim, Plaintiffs argued that the class should be certified for all claims arising after May 2004, when the statute of limitations first began to run. With respect to their rest-break claim, Plaintiffs argued that they were adequate representatives for a rest-break class because they were not "employers" within the meaning of the New York Labor Law who could be subject to liability for revising employee timecards. Moreover, Plaintiffs argued, Roach never

worked in a managerial capacity and therefore was an adequate representative of the class.

On March 29, 2013, the district court issued a decision and order in response to Plaintiffs' objections, denying certification on both Plaintiffs' spread-of-hour and rest-break claims. *See Roach v. T.L. Cannon Corp.*, No. 3:10-CV-0591 (TJM/DEP), 2013 WL 1316452 (N.D.N.Y. Mar. 29, 2013). The district court noted that the Supreme Court's decision in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), had issued after Magistrate Judge Peebles's report and recommendation, and that, in light of *Comcast*, class certification was inappropriate. *Roach*, 2013 WL 1316452, at *3.

The district court construed *Comcast* as holding that "[t]he failure of the proponent of the class to offer a damages model that [is] 'susceptible of measurement across the entire class for purposes of Rule 23(b)(3)' [is] fatal to the certification question." *Id.* (quoting *Comcast*, 133 S. Ct. at 1433). Plaintiffs' view that the presence of

individualized damages was not fatal to the predominance inquiry, the district court concluded, was therefore contrary to *Comcast*. *Id.*

Having so construed *Comcast*, the district court analyzed whether either the spread-of-hours or rest-break claim merited certification. Without considering whether there existed any common questions of law or fact with respect to Plaintiffs' spread-of-hours claim, the district court explained that "damages in this putative class are . . . highly individualized." *Id.* Because Plaintiffs did not offer a "model of damages susceptible of measurement" across the putative class, the district court concluded that "Rule 23 certification must be denied for Plaintiffs' failure to satisfy their requirements under Rule 23(b)(3)." *Id.* (citing *Comcast*). Given its exclusive reliance on *Comcast*, the district court did not address Plaintiffs' objections to Magistrate Judge Peebles's report and recommendation. *Id.* at *4.

The district court's resolution of Plaintiffs' rest-break claim was substantially identical. Without considering whether there existed any common questions of law or fact, the district court concluded that "proof of damages on this claim is highly individualized" and "[q]uestions of individual damage calculations will inevitably overwhelm questions common to this class." *Id.* at *4-5. Again, citing *Comcast*, the district court concluded that "class certification of this claim fails under Rule 23(b)(3)." *Id.* at *5. As with the spread-of-hours claim, the district court relied exclusively on *Comcast* and did not address Plaintiffs' objections to the report and recommendation. *Id.* at *4.

Plaintiffs sought leave to file this interlocutory appeal pursuant to 28 U.S.C. § 1292(e) and Rule 23(f) of the Federal Rules of Civil Procedure, which motion we granted.

**DISCUSSION**

Plaintiffs argue that the district court erred in holding that, after *Comcast*, class certification pursuant to Rule 23(b)(3) requires a finding that damages are measurable on a classwide basis. We review a district court's class certification determination for abuse of discretion, applying a "noticeably less deferential" standard when the district court has denied class certification. *Augustin v. Jablonsky (In re Nassau Cnty. Strip Search Cases)*, 461 F.3d 219, 224-25 (2d Cir. 2006) (quoting *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 18 (2d Cir. 2003)) (internal quotation mark omitted). While we review the district court's construction of legal standards *de novo*, we review the district court's application of those standards for whether the district court's decision falls within the range of permissible decisions. *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

**I**

A class may be certified only if, "after a rigorous analysis," the district court is satisfied that the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure are met. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). Those prerequisites require showing that: (1) "the class is so numerous that joinder of all members is impracticable"; (2) "there are questions of law and fact common to the class"; (3) "the claims or defenses of the representative parties are typical" of those of the class; and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

In addition, the district court must be satisfied that certification is appropriate under Rule 23(b). *Comcast*, 133 S. Ct. at 1432. One of the bases for certification under Rule 23(b), at issue here, allows for certification if both (1) "questions of law or fact

common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Predominance is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Catholic Healthcare W. v. US Foodservice Inc. (In re U.S. Foodservice Inc. Pricing Litig.)*, 729 F.3d 108, 118 (2d Cir. 2013) (quoting *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 131 (2d Cir. 2010)) (internal quotation marks omitted).

Prior to the Supreme Court's decision in *Comcast*, it was "well-established" in this Circuit that "the fact that damages may have to be ascertained on an individual basis is not sufficient to defeat class certification" under Rule 23(b)(3). *Seijas v. Republic of Argentina*, 606

F.3d 53, 58 (2d Cir. 2010); *see McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 231 (2d Cir. 2008), *abrogated in part on other grounds by Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639 (2008); *see also Dukes*, 131 S. Ct. at 2558 ("[I]ndividualized monetary claims belong in Rule 23(b)(3)."). "[T]he fact that damages may have to be ascertained on an individual basis" was simply one "factor that we [had to] consider in deciding whether issues susceptible to generalized proof 'outweigh' individual issues" when certifying the case as a whole. *McLaughlin*, 522 F.3d at 231.

We do not read *Comcast* as overruling these decisions.

**II**

In *Comcast*, the plaintiffs filed a class-action antitrust suit claiming that Comcast's acquisition of competitor cable television providers in sixteen counties clustered around Philadelphia violated the Sherman Act. 133 S. Ct. at 1430. Comcast's clustering strategy had increased its market share in that geographical area from

around twenty to seventy percent. *Id.* The plaintiffs sought to certify the class of Comcast subscribers in that geographical area under Rule 23(b)(3), claiming that questions of law and fact common to the class predominated over any questions affecting individual members. *Id.* The district court held, and neither the plaintiffs nor defendants contested on appeal, that in order to meet the predominance requirement, the plaintiffs had to show that: (1) the injury suffered by the class was "capable of proof at trial through evidence that [was] common to the class rather than individual to its members"; and (2) "the damages resulting from [the anticompetitive] injury were measurable on a class-wide basis through use of a common methodology." *Id.* (first alteration in original) (quoting *Behrend v. Comcast Corp.*, 264 F.R.D. 150, 154 (E.D. Pa. 2010)) (internal quotation marks omitted).

The plaintiffs offered four theories of antitrust injury or impact, only one of which the district court concluded was

susceptible of classwide proof: Comcast's clustering around Philadelphia reduced competition from "overbuilders," competitors who build competing cable networks where there exists an incumbent cable provider.[4] *Id.* at 1430-31. To prove that the damages resulting from the anticompetitive injury were measurable on a classwide basis, the plaintiffs offered expert testimony that modeled the class damages based on all four theories of antitrust injury; the model did not isolate damages resulting from the "overbuilder" theory. *Id.* at 1431. Nevertheless, both the district court and the United States Court of Appeals for the Third Circuit concluded that the expert testimony was sufficient to establish that damages resulting from the "overbuilder" theory of injury were measurable on a classwide basis. *Id.* Rejecting the notion that the

---

[4]    The other three theories of injury were that Comcast's clustering: (1) permitted it to withhold local sports programming from satellite competitors, thereby reducing competitor market penetration; (2) "reduced the level of 'benchmark' competition on which cable customers rely to compare [provider] prices"; and (3) "increased Comcast's bargaining power relative to content providers." *Comcast*, 133 S. Ct. at 1430-31.

plaintiffs were required to offer a model of classwide damages that attributed damages only to the "overbuilder" theory of injury, the Court of Appeals explained that the plaintiffs were required merely to provide assurance that, "if they can prove antitrust impact, the resulting damages are capable of measurement and will not require labyrinthine individual calculations." *Id.* at 1431 (quoting *Behrend v. Comcast Corp.*, 655 F.3d 182, 206 (3d Cir. 2011)) (internal quotation mark omitted). A more rigorous analysis, the Court of Appeals concluded, would constitute an "attac[k] on the merits of the methodology [that] [had] no place in the class certification inquiry." *Id.* (first and third alterations in original) (quoting *Behrend*, 655 F.3d at 207) (internal quotation marks omitted).

The Supreme Court granted certiorari. After noting that neither party had contested the district court's holding that Rule 23(b)(3) predominance required a showing that damages resulting from the anticompetitive injury were measurable on a classwide

basis, *id.* at 1430, the Court identified the question presented as whether the plaintiffs "had . . . establish[ed] that damages could be measured on a classwide basis," *id.* at 1431 n.4. The Court reversed, holding that the plaintiffs' expert testimony failed to carry that burden. *Id.* at 1432-33.

The Court began by noting that it had recently held that establishing the Rule 23(a) prerequisites to class certification required a "rigorous analysis," which would "frequently entail 'overlap with the merits of the plaintiff's underlying claim.'" *Id.* at 1432 (quoting *Dukes*, 131 S. Ct. at 2551). Those "same analytical principles," the Court explained, govern the Rule 23(b) inquiry. *Id.*

The Court then held that the plaintiffs' expert testimony did not withstand the "rigorous analysis" for the Rule 23(b)(3) predominance test. The Court explained that the plaintiffs would be entitled only to damages resulting from their theory of injury. *Id.* at 1433. Thus, "a model purporting to serve as evidence of damages

. . . must measure only those damages attributable to that theory." *Id.* "If the model does not even attempt to do that," the Court explained, "it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)." *Id.* Because there was "no question" that the damages model was not based solely upon the "overbuilder" theory of injury certified by the district court, but also included calculations accounting for the three other theories of injury, *id.* at 1433-34, the Court concluded that "Rule 23(b)(3) cannot authorize treating [cable] subscribers within the Philadelphia cluster as members of a single class," *id.* at 1435.

*Comcast*, then, did not hold that a class cannot be certified under Rule 23(b)(3) simply because damages cannot be measured on a classwide basis. *See id.* at 1430 (noting that the requirement of a classwide damages model "is uncontested here"); *id.* at 1436 (Ginsburg and Breyer, JJ., dissenting) ("[T]he decision should not be

read to require, as a prerequisite to certification, that damages attributable to a classwide injury be measurable 'on a class-wide basis.'"). *Comcast*'s holding was narrower. *Comcast* held that a model for determining classwide damages relied upon to certify a class under Rule 23(b)(3) must actually measure damages that result from the class's asserted theory of injury; but the Court did not hold that proponents of class certification must rely upon a classwide damages model to demonstrate predominance. *See id.* at 1433*; see also In re Deepwater Horizon*, 739 F.3d 790, 817 (5th Cir. 2014) (construing the "principal holding of *Comcast* [as being] that a 'model purporting to serve as evidence of damages . . . must measure only those damages attributable to th[e] theory' of liability on which the class action is premised" (ellipsis and second alteration in original) (quoting *Comcast*, 133 S. Ct. at 1433)); *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 799 (7th Cir. 2013) (construing *Comcast* as holding only "that a damages suit cannot be certified to proceed

as a class action unless the damages sought are the result of the class-wide *injury* that the suit alleges" (emphasis in original)); *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) (interpreting *Comcast* to hold that class-action plaintiffs "must be able to show that their damages stemmed from the defendant's actions that created the legal liability"); *accord Catholic Healthcare W. v. US Foodservice Inc. (In re U.S. Foodservice Inc. Pricing Litig.)*, 729 F.3d 108, 123 n.8 (2d Cir. 2013) ("Plaintiffs' proposed measure for damages is thus directly linked with their underlying theory of classwide liability . . . and is therefore in accord with the Supreme Court's recent decision in *Comcast* . . . ."). Indeed, as the Court explained, if all four types of anticompetitive injury had been approved for certification by the district court, the plaintiff's damages methodology "might have been sound, and might have produced commonality of damages." *Comcast*, 133 S. Ct. at 1434.

To be sure, *Comcast* reiterated that damages questions should be considered at the certification stage when weighing predominance issues, but this requirement is entirely consistent with our prior holding that "the fact that damages may have to be ascertained on an individual basis is . . . a factor that we must consider in deciding whether issues susceptible to generalized proof 'outweigh' individual issues." *McLaughlin*, 522 F.3d at 231. The Supreme Court did not foreclose the possibility of class certification under Rule 23(b)(3) in cases involving individualized damages calculations.

Our reading of *Comcast* is consistent with the Supreme Court's statement in *Comcast* that its decision turned upon "the straightforward application of class-certification principles." 133 S. Ct. at 1433. Our reading is also consistent with the interpretation of those Circuits that have had the opportunity to apply *Comcast*. *See AstraZeneca AB v. United Food & Commercial Workers Unions & Emp'rs*

*Midwest Health Benefits Fund (In re Nexium Antitrust Litig.)*, No. 14-1521, 2015 WL 265548, at *8, *10 (1st Cir. Jan. 21, 2015) (explaining that *Comcast* "simply" requires that a damages calculation reflect the associated theory of liability, and discussing the "well-established" principle that individualized damages do not automatically defeat Rule 23(b)(3) certification); *Dow Chem. Co. v. Seegott Holdings, Inc. (In re Urethane Antitrust Litig.)*, 768 F.3d 1245, 1257-58 (10th Cir. 2014) ("*Comcast* did not rest on the ability to measure damages on a class-wide basis."); *In re Deepwater Horizon*, 739 F.3d at 817 (rejecting, post-*Comcast*, the argument "that certification under Rule 23(b)(3) requires a reliable, common methodology for measuring classwide damages" (internal quotation marks omitted)); *Butler*, 727 F.3d at 801 (holding, upon the Supreme Court's grant of certiorari, vacatur, and remand in light of *Comcast*, that "the fact that damages are not identical across all class members should not preclude class certification"); *Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-*

*Loading Washer Prods. Liab. Litig.)*, 722 F.3d 838, 860-61 (6th Cir. 2013) (noting that *Comcast* was "premised on existing class-action jurisprudence" and that "it remains the 'black letter rule' that a class may obtain certification under Rule 23(b)(3) when liability questions common to the class predominate over damages questions unique to class members"); *Leyva*, 716 F.3d at 513 (reiterating Ninth Circuit precedent, post-*Comcast*, that "damage calculations alone cannot defeat certification" (quoting *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010)) (internal quotation mark omitted)).

**III**

Cannon does not argue that *Comcast* precludes certification whenever damages are not measurable on a classwide basis. Rather, Cannon maintains that the district court denied class certification because Plaintiffs had failed to establish that any common issues of

law and fact predominated over the individualized nature of the damages inquiry.

But in considering whether to certify Plaintiffs' spread-of-hours and rest-break claims under Rule 23(b)(3), the district court did not evaluate whether the individualized damages questions predominate over the common questions of liability identified by Magistrate Judge Peebles. The district court also did not consider that Magistrate Judge Peebles had identified such common questions. Rather, the district court's reasoning was limited to an analysis of whether Plaintiffs' damages would be capable of measurement on a classwide basis. Because the district court concluded damages were not capable of measurement on a classwide basis—and *only* because the district court concluded damages were not capable of measurement on a classwide basis— the district court refused to certify Plaintiffs' spread-of-hours and rest-break claims. That holding was not required by *Comcast*, was

contrary to the law of this Circuit—left undisturbed by *Comcast*—that individualized damages determinations alone cannot preclude certification under Rule 23(b)(3), *see Seijas v. Republic of Argentina*, 606 F.3d 53, 58 (2d Cir. 2010), and cannot support the district court's denial of Plaintiffs' motion for certification.

Accordingly, because we do not read *Comcast* as precluding class certification where damages are not capable of measurement on a classwide basis, we reject the district court's sole reason for denying Plaintiffs' motion for class certification.

**CONCLUSION**

For the foregoing reasons, we VACATE the order of the district court denying class certification, and REMAND.[5]

---

[5]     We decline Plaintiffs' invitation to order class certification on the present record.  Whether to certify a class is within the discretion of the district court, largely because it is the district court that has the "inherent power to manage and control pending litigation."  *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (quoting *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007)) (internal quotation mark omitted).  We cannot hold, on this record, that an order denying certification upon consideration of the Rule 23(b)(3) standards would be outside the range of permissible decisions upon the proper application of *Comcast*.  *See id.*