17-54-cv
Knight v. State Univ. of N.Y. at Stony Brook

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2017

(Argued: December 15, 2017    Decided: January 29, 2018)

Docket No. 17-54-cv

_____

ANTHONY KNIGHT,

*Plaintiff-Appellant*,

— v. —

STATE UNIVERSITY OF NEW YORK AT STONY BROOK,

*Defendant-Appellee.*

_____

B e f o r e:

WINTER, LYNCH, and DRONEY, *Circuit Judges*

_____

Plaintiff Anthony Knight, an African-American electrician, sued Defendant State University of New York at Stony Brook, alleging that Defendant violated Title VII of the Civil Rights Act of 1964 when it terminated his employment after he reported racist graffiti in a bathroom located at his worksite. At trial, the

1

parties disputed whether Knight qualified as an employee for purposes of Title VII. At the close of evidence, Knight moved for judgment as a matter of law that he was Defendant's employee. The United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*) denied Knight's motion and submitted the issue to the jury, which found that Knight was not an employee. On appeal, Knight argues that: (1) the district court erred in submitting the question of whether he was an employee to the jury; (2) the district court erroneously instructed the jury on how to determine whether he was an employee; (3) the evidence was insufficient to support the jury's conclusion that he was not an employee; and (4) the district court made several other errors unrelated to the question of whether Knight was an employee.

We reject these arguments and AFFIRM the judgment.

———————————

Michael G. O'Neill, Law Office of Michael G. O'Neill, New York, NY, *for Plaintiff-Appellant* Anthony Knight.

CAROLINE A. OLSEN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General & Steven C. Wu, Deputy Solicitor General, *on the brief*), for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, *for Defendant-Appellee* State University of New York at Stony Brook.

———————————

PER CURIAM:

Plaintiff Anthony Knight, an African-American electrician, sued Defendant State University of New York at Stony Brook ("Stony Brook") for discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

2

§ 2000e *et seq.*, when it terminated Knight's employment after he reported racist graffiti in a bathroom located at his worksite. At trial, the parties disputed (among other issues) whether Knight qualified as an employee for purposes of Title VII, and the jury was presented with conflicting evidence on that issue. At the close of evidence, Knight moved for judgment as a matter of law that he was Stony Brook's employee. The United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*) denied Knight's motion and submitted the issue to the jury, which found that Knight was not an employee. On appeal, Knight argues that: (1) the district court should not have submitted the question of whether he was an employee to the jury; (2) the district court misinstructed the jury on how to determine whether he was an employee; (3) the evidence was insufficient to support the jury's conclusion that he was not an employee; and (4) the district court made several other errors unrelated to the question of whether Knight was an employee. For the following reasons, we AFFIRM.

## BACKGROUND

At all relevant times, Knight, who is African American, was an electrician and a member of the International Brotherhood of Electrical Workers, Local 25

3

("the Union"). The Union had an arrangement with Stony Brook under which it referred union electricians to Stony Brook when additional workers were needed to supplement its workforce during large construction projects.

Pursuant to this arrangement, the Union referred Knight to Stony Brook, and in April 2011, he began working on a construction project for a psychiatric emergency facility. Sometime that summer or fall,[1] Knight discovered racist graffiti in the bathroom he used at work every morning. He reported the graffiti to the project's foreman, Thomas Murphy, who was also a member of the Union, and to the shop steward, James Malley.[2] His work was terminated sometime thereafter.[3] Knight had worked on the project for approximately six months.

---

[1] Testimony from different witnesses placed his discovery in either August 2011 or October 2011.

[2] The parties presented conflicting evidence regarding Murphy's and Malley's reactions to Knight's report. Knight testified that they were indifferent to his complaint, but Murphy and Malley testified that they acted immediately to paint over the graffiti. Because the jury decided the case against Knight on other grounds, it did not have occasion to resolve this dispute.

[3] The parties also disputed the timing of Knight's termination by Stony Brook. While Knight contends that he was laid off about a week after he reported the racist graffiti, Malley testified that Knight's job ended a full two months after the report.

Knight then initiated this action against Stony Brook, claiming that he had been discriminated against on the basis of his race and retaliated against for reporting the graffiti in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

Stony Brook moved to dismiss both claims for failure to state a claim. The district court granted the motion without prejudice, and Knight submitted a first amended complaint. Stony Brook again moved to dismiss, and the district court dismissed the discrimination claim with prejudice, but declined to dismiss the retaliation claim.

The retaliation claim proceeded to a jury trial. At trial, Stony Brook argued that Knight was not its employee, and that it therefore could not be held liable under Title VII. As the district court recognized, whether a plaintiff is an employee of a defendant for purposes of Title VII is determined by what are known as the *Reid* factors. *See Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–52 (1989). Borrowing from the common law of agency, the *Reid* Court established a non-exhaustive list of thirteen factors which guide the determination of employee status. *Id.* Those factors are:

the hiring party's right to control the manner and means by which the product is accomplished[;] . . . the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.* (footnotes omitted).

The parties presented conflicting evidence regarding several of these factors. Knight elicited testimony that Stony Brook provided some tools for him and the other electricians, tending to show that he was an employee; however, this testimony also revealed that the electricians were required to supply their own basic tools, tending to show the opposite. Knight also presented evidence that Stony Brook controlled the manner and means by which the work was accomplished because Knight received specific assignments every morning, and had no discretion over how or when the work was accomplished; Stony Brook countered by arguing that Knight and the other union electricians had significant

6

control over their work because they were given only an overview of the work that needed to be done, and were then instructed to handle the details of the work on their own. Similarly, when Knight argued that he was an employee because Stony Brook provided him with benefits, Stony Brook produced evidence that the benefits were in fact paid to the union, which was charged with dispersing the benefits to individual members.

Moreover, the factors as to which the facts were not disputed did not clearly favor one party or the other. For example, Knight presented uncontradicted evidence that he was paid by the State Comptroller and was treated as an employee for tax purposes, and Stony Brook, in turn, presented undisputed evidence that the construction work for which Knight was hired was not its usual business, and that the duration of the employment was brief. In sum, several of the factors were disputed, with evidence presented on both sides, and the rest of the factors did not trend decisively in favor of either party.

At the close of evidence, Knight moved pursuant to Fed. R. Civ. P. 50(a) for judgment as a matter of law that he was Stony Brook's employee. The district court denied Knight's motion and submitted the issue to the jury, finding that

7

"the variety of evidence" created questions of fact that needed to be determined by a jury. App. at 130. It instructed the jury to consider and balance the *Reid* factors in determining Knight's employment status. After brief deliberations, the jury returned a verdict finding that Knight was not an employee of Stony Brook. Because that finding resolved the case in Stony Brook's favor, the jury did not make any determination about the other elements of Knight's retaliation claim.

Knight did not renew his Rule 50 motion after the verdict under Rule 50(b), or seek a new trial. Instead, he filed this appeal, raising the claims of error set forth above.

## DISCUSSION

### I.      Permitting the Jury to Determine Whether Knight was an Employee

First, Knight contends that a judge, not a jury, should decide whether an individual is an employee, and that the district court therefore erred when it submitted that question to the jury. Whether a jury may determine a plaintiff's status as an employee presents a question of law. We review questions of law *de novo*. *Waggoner v. Barclays PLC*, 875 F.3d 79, 97 (2d Cir. 2017) (quoting *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015)) ("[W]e review the district

8

court's construction of legal standards *de novo*"); *see also U.S. v. Salameh*, 152 F.3d 88, 142 (2d Cir. 1998) ("Whether jury instructions were properly given is a question of law that this court reviews *de novo*").

We rejected an argument virtually identical to Knight's in *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149 (2d Cir. 1998). In that case a plaintiff sought a new trial on his state labor law claim on the ground that "the question of whether he was an employee was improperly submitted to the jury." *Id.* at 170. Like Knight, he argued that the question was a legal one that only a court could decide after the jury had made relevant factual findings. *Id.* Without deciding whether determining employment status presents a question of fact or law, we concluded that "the submission of that question to the jury" did not warrant a new trial. *Id.* at 171. We noted that a district court always has discretion to call for a general verdict.[4] Accordingly, we reasoned that the plaintiff had not suffered any harm to his substantial rights from the trial court's submission of the "employee" issue

---

[4] *See* Fed. R. Civ. P. 49(a) ("The court *may* require a jury to return only a special verdict . . . ." (emphasis added)); *see also Skidmore v. Balt. & O.R. Co.,* 167 F.2d 54, 67 (2d Cir. 1948) ("[W]e cannot hold that a district judge errs when, as here, for any reason or no reason whatever, he refuses to demand a special verdict . . . .").

to the jury on general instructions rather than having the jury decide only the narrow factual questions and reserving the bottom-line determination of the issue to itself as a question of law. Because errors that do not affect substantial rights are not grounds for reversal, 28 U.S.C. § 2111, reversal was not warranted.

*Kirsch* controls here. Although, as Knight notes, we have stated that the district court's "ultimate determination as to whether a worker is an employee . . . is a question of law," *Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 115 (2d Cir. 2000) (internal quotation marks omitted), *Kirsch* rejected the argument that submitting the question to a jury is prejudicial error, the same contention Knight now makes. In so doing, *Kirsch* noted that whether an individual is an employee is "regularly presented to juries that are instructed to return general verdicts, informed by the court's instructions on the law and given the direction that if they find that the plaintiffs in question were employees . . . they should simply state that they find in favor of the plaintiffs." *Kirsch*, 148 F.3d at 171.[5] Whether the jury is asked a simple question about liability or a series

[5] Similarly, the Supreme Court has held that a jury may decide the employer/employee issue in Federal Employers' Liability Act cases. *Baker v. Tex. & Pac. Ry. Co.*, 359 U.S. 227, 228 (1959) (concluding in Federal Employers' Liability Act case

of questions, the first of which concerns whether the plaintiff was an employee, the effect is the same.

As we held in *Kirsch*, a trial court does not commit error by submitting the question of whether the plaintiff was the defendant's employee to the jury, whether by general verdict or by special question. Accordingly, we find no error in the district court's action.

## II.    Instructing the Jury on the *Reid* Factors

Second, Knight asserts that the district court should not have instructed the jury on the *Reid* factors because those factors are only intended to distinguish employees from independent contractors, and Stony Brook did not contend that Knight was an independent contractor. The correctness of the jury instructions presents a question of law that we review *de novo*. *U.S. v. Salameh*, 152 F.3d 88,

---

that although whether an individual is an employee is a question of law, it "contains factual elements such as to make it one for the jury under appropriate instructions as to the various relevant factors under [the] law"); *see also* Restatement (Second) of Agency § 220, cmt. c (Am. Law Inst. 1958) ("If the inference is clear that there is, or is not, a master and servant relation, [the determination] is made by the court; otherwise the jury determines the question after instruction by the court as to the matters of fact to be considered.").

11

142 (2d Cir. 1998) ("Whether jury instructions were properly given is a question of law that this court reviews *de novo*").

When the Supreme Court articulated the *Reid* factors, it stated that where Congress uses the term "employee" without meaningfully defining it, "Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine." *Reid*, 490 U.S. at 740. The Court then reduced that doctrine to thirteen non-exclusive factors. *Id.* at 751–52. We have since determined that those *Reid* factors, subject to a slight alteration, *see O'Connor v. Davis*, 126 F.3d 112, 115-16 (2d Cir. 1997) (imposing antecedent requirement that individual receive remuneration), constitute the proper test under which to analyze whether an individual is an employee for purposes of Title VII, *see, e.g.*, *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226–27 (2d Cir. 2008); *see also Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 321–24 (1992) (applying *Reid* factors to statutory scheme containing similarly circular definition of employee as Title VII). Although the *Reid* test may distinguish employees from independent contractors, *see Reid*, 490 U.S. at 751, that is not its only function.

12

Rather, the *Reid* factors are the method of analysis Congress intended to require for determining employee status generally under Title VII.

Tellingly, while arguing that the *Reid* factors apply only for distinguishing employees from independent contractors, Knight offers no alternate test that should be used to determine employee status in other contexts, except to note that in some cases, an employee of one entity may be deemed an employee of another entity under the "joint employer" theory. *See Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005). However, that theory looks to the relationship between two possible employers when "an employee" is "formally employed by one entity," and seeks to impose liability on another. *Id.* It therefore does not help to answer the antecedent question at issue here, of whether an individual is an employee of a single individual or entity. Thus, the "joint employer" inquiry cannot replace the *Reid* factors.

We therefore reject Knight's contention that the district court erred when it instructed the jury to use the *Reid* factors to determine whether he was Stony Brook's employee.[6]

---

[6] To the extent Knight argues that Stony Brook has not established that he was an

### III. The Application of the *Reid* Factors

Third, Knight argues that even if the *Reid* factors apply, they compel the conclusion that he was Stony Brook's employee and that the district court therefore erred in denying his Rule 50(a) motion for judgment as a matter of law. **[Blue 18]** Stony Brook responds that Knight is precluded from making such an argument because he failed to file a renewed motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure following the jury's verdict. We agree.

In *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, the Supreme Court determined that a party's failure to make a renewed, post-verdict motion for judgment as a matter of law pursuant to Rule 50(b) "forecloses its challenge to the sufficiency of the evidence" on appeal. 546 U.S. 394, 404 (2006). Here, Knight failed to file a motion under Rule 50(b), or for that matter make any motion challenging the jury's conclusion that he was not an employee of Stony Brook.

---

independent contractor, we note that it is not necessary for the defendant to establish that any particular label applies to a plaintiff's relationship to an alleged employer. It is rather the plaintiff's burden to establish to the satisfaction of the fact-finder that he is an employee within the meaning of the statute. If he does not, it does not matter how his status might be characterized.

He nevertheless argues that the evidence was insufficient to permit the jury to determine that he was not a Stony Brook employee and that the district "court should have held as a matter of law that [he] was employed by Stony Brook." Appellant's Br. at 21. That argument is barred by *Unitherm*. Indeed, in his reply brief, Knight appears to abandon his sufficiency of the evidence challenge.

In any event, the argument is without merit. The evidence in the case presented disputed issues of fact regarding several of the *Reid* factors, and the balancing of those factors and others that pointed both in favor of and against employee status also presented a disputed issue requiring resolution by the fact-finder.

## IV. Knight's Evidentiary & Instructional Challenges

Finally, Knight challenges several of the district court's evidentiary rulings, as well as several of its other instructions to the jury. All of those challenges, however, address issues that the jury was instructed not to decide unless it first determined that Knight was Stony Brook's employee. *See LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 177 n.10 (2d Cir. 2002) (noting that we presume that juries follow district court's instructions). Because we

15

identify no error that requires reversal of the jury's finding that he was not an employee, we need not reach those challenges.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.