23-7690-cv
Richards v. Multinex Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION ASUMMARY ORDER@). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand twenty-four.

PRESENT:
>  ALISON J. NATHAN,
>  MARIA ARAÚJO KAHN,
>  *Circuit Judges,*
>  RICHARD K. EATON,*
>  *Judge, U.S. Court of International Trade.*

---

Thomas Richards,

>  *Plaintiff-Appellant,*

>  v.                                                                                      23-7690-cv

Multinex Co. Ltd., DBA Nerdy,

>  *Defendant-Appellee.*

---

FOR APPELLANT:                      Adam J. Roth, Law Offices of Adam J. Roth, P.C.,
                                    New York, NY.


Appeal from an order of the United States District Court for the Southern District of New

York (Carter, J.).

---

* Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Opinion and Order of the District Court is **VACATED** and **REMANDED** for further proceedings.

Plaintiff-Appellant Thomas Richards appeals the October 13, 2023 Opinion and Order of the District Court that denied Richards' motion for default judgment and dismissed his claim against Defendant-Appellee, Multinex Co. Ltd., under New York Civil Rights Law § 51. The District Court held that Richards' claim was barred by the applicable one-year statute of limitations stated in the New York Civil Practice Law and Rules ("C.P.L.R.") § 215(3).

On appeal, Richards contends that the District Court "failed to properly account for [his] status as an infant under CPLR 208." Richards argues that, due to his infancy when the claim accrued, the one-year statute of limitations should be applied from the date he reached the age of majority. Consequently, Richards argues that because he filed suit within one year of turning eighteen, his claim is timely. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review de novo a district court's dismissal of a complaint under Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014); *see also id.* ("The district court properly applied an identical standard in assessing [a motion to dismiss and a motion for default judgment] and accepted all of the complaint's factual allegations as true."); *Knight v. State Univ. of N.Y. at Stony Brook*, 880 F.3d 636, 640 (2d Cir. 2018) ("We review questions of law *de novo*.").

In diversity cases, such as this one, "state statutes of limitations govern the timeliness of

2

state law claims." *Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir. 1989). New York's C.P.L.R. provides a one-year statute of limitations for "an action to recover damages for . . . a violation of the right to privacy under section fifty-one of the civil rights law." N.Y. C.P.L.R. § 215(3). Relevant to this case, the C.P.L.R. also provides a tolling provision: "If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues . . . [and] if the time otherwise limited is less than three years, the time shall be extended by the period of disability." N.Y. C.P.L.R. § 208(a). In other words, "if the applicable statute of limitations is less than 3 years, the entire period of disability is a tolling period, i.e., the statute of limitations does not run during it." David D. Siegel & Patrick M. Connors, *N.Y. Prac.* § 54 (6th ed. 2018). Thus, in the case of infancy, a statute of limitations less than three years begins to run once the plaintiff reaches the age of eighteen. *See* N.Y. C.P.L.R. § 105(j) (defining an "infant" as "a person who has not attained the age of eighteen years").

Richards' cause of action accrued in 2017, when he was an infant, i.e., a minor. Richards did not attain the age of eighteen until October 5, 2018. The one-year statute of limitations for Richards' Section 51 claim began to run from that date. Thus, because Richards filed his claim within one year of reaching the age of majority, on July 17, 2019, his claim was timely. Accordingly, the District Court erred by concluding that Richards' claim was time-barred.

For the foregoing reasons, the Opinion and Order of the District Court is **VACATED** and **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3