23-7407-cv
Golden Unicorn Enters., Inc. v. Audible, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-four.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
ALISON J. NATHAN,
*Circuit Judges*.

------------------------------------------------------------------

GOLDEN UNICORN ENTERPRISES, INC., on behalf of themselves and all those similarly situated, BIG DOG BOOKS, LLC, on behalf of themselves and all those similarly situated,

*Plaintiffs-Appellants*,

v.

No. 23-7407-cv

AUDIBLE, INC.,

*Defendant-Appellee.*

------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:  MARK RUSSELL SIGMON, Milberg Attorneys at Law, Raleigh, NC (Christopher R. Bagley, Law Offices of James Scott Farrin, Durham, NC, Mitchell M. Breit, Milberg Coleman Bryson Phillips Grossman, PLLC, New York, NY, *on the brief*)

FOR DEFENDANT-APPELLEE:  JEDEDIAH WAKEFIELD, Fenwick & West LLP, San Francisco, CA (Kathryn J. Fritz, Fenwick & West LLP, San Francisco, CA, Brian D. Buckley, Deena J.G. Feit, Fenwick & West LLP, Seattle, WA, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Golden Unicorn Enterprises, Inc. and Big Dog Books, LLC (collectively, "Appellants") appeal from the judgment of the United States District Court for the Southern District of New York (Furman, *J.*) granting summary judgment in favor of Audible, Inc. on Appellants' claims for breach of contract and breach of the implied covenant of good faith and fair dealing. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to

2

which we refer only as necessary to explain our decision to affirm.

This appeal arises out of a dispute between Audible, a leading audiobook distributor, and Appellants, the business entities of two independent authors who self-publish audiobooks through Audible's ACX platform. Under the ACX license and distribution agreement (the "Agreement"), authors receive royalties on "Net Sales," which are defined as sales "less any . . . returns." App'x 1487, 1490. During the period giving rise to this litigation, Audible maintained a "Great Listen Guarantee" policy that allowed its subscribers to return or exchange audiobooks within 365 days for any reason, even after fully listening to them. When audiobooks were returned, Audible clawed back the royalties paid to the authors of those titles. Appellants did not discover this practice until a technical glitch revealed that Audible was deducting returns from their royalties. After the ensuing outcry from authors, Audible stopped clawing back royalties on titles returned more than seven days after purchase.

We review the District Court's grant of summary judgment *de novo*, construing the evidence in Appellants' favor. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 546 (2d Cir. 2010). We review the District Court's exclusion of expert testimony for abuse of discretion and will reverse only if the exclusion was

"manifestly erroneous." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (quotation marks omitted).

## I. Breach of Contract

Under New York law, which governs the Agreement, "the initial interpretation of a contract," including "whether the terms of the contract are ambiguous," is "a matter of law for the court to decide." *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's*, 136 F.3d 82, 86 (2d Cir. 1998) (quotation marks omitted); *see also W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 162 (1990). A "written agreement that is complete, clear and unambiguous on its face must be interpreted according to the plain meaning of its terms, without the aid of extrinsic evidence." *Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010) (cleaned up).

The District Court correctly determined that the Agreement unambiguously entitled Audible to deduct all returns, rather than returns only for technical defects or mistaken purchases, from Appellants' royalties. As mentioned above, Audible was required to pay royalties on gross sales "less any . . . returns." App'x 1487, 1490. This dispute turns on the meaning of the term "returns." The plain and ordinary meaning of the term, as Appellants' own

4

expert agreed, encompasses giving back a previously purchased product in exchange for a refund or store credit, regardless of whether a customer immediately purchases a new title with the money or credit. Nothing in the ordinary meaning of the term, or in the contractual language, limits returns to unconsumed goods, technical defects, or returns made within a certain timeframe.

Appellants argue that the District Court erred by failing to consider extrinsic evidence supporting their interpretation. We disagree. Although courts may consider proof of industry custom and usage to construe specialized terms, such evidence must establish that "the language in question is fixed and invariable in the industry in question." *Law Debenture*, 595 F.3d at 466 (quotation marks omitted). Appellants' evidence reveals inconsistent practices across the industry and thus falls short of this requirement. As the District Court stated, and we agree, Appellants "seek to limit the definition of 'returns' as a matter of policy, not as a matter of contract interpretation." *Golden Unicorn Enters., Inc. v. Audible, Inc.*, 682 F. Supp. 3d 368, 376 (S.D.N.Y. 2023). Appellants' argument that the term "returns," at minimum, excludes "exchanges" would require us to read limitations into the Agreement that its terms plainly do not

5

support.  Accordingly, we affirm the District Court's grant of summary judgment on the breach of contract claim.

## II.   Breach of the Implied Covenant of Good Faith and Fair Dealing

Appellants next contend that the District Court erred in rejecting their argument that Audible breached the implied covenant of good faith and fair dealing.   Under New York law, this covenant "encompasses any promises that a reasonable promisee would understand to be included."   *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 318 (1995).   "The covenant cannot be used, however, to imply an obligation inconsistent with other terms of a contractual relationship."   *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, 720 F.3d 84, 93 (2d Cir. 2013); *see also Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389 (1995).

Appellants first assert that Audible breached the implied covenant by concealing the number of audiobook returns from Appellants.   But the Agreement expressly provided that Audible pay royalties only on net sales receipts and required Audible to provide Appellants with monthly royalty statements reporting on a "net 30 day basis."   App'x 1487, 1490–91.   Because the Agreement expressly permitted Audible to report only net sales, which Audible's royalties reporting did, and because the Agreement did not require the

6

disclosure of the volume of returns and exchanges, we conclude there was no

breach. *See JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d

Cir. 2022).

Appellants also claim that Audible breached the implied covenant of good

faith by actively encouraging returns through its Great Listen Guarantee. That

claim fares no better because Appellants failed to adduce proof of damages

attributable to Audible's alleged encouragement — an essential element of a

claim for breach of the implied covenant. *See Process Am., Inc. v. Cynergy*

*Holdings, LLC*, 839 F.3d 125, 141 (2d Cir. 2016); *RXR WWP Owner LLC v. WWP*

*Sponsor, LLC*, 17 N.Y.S. 3d 698, 700 (1st Dep't 2015); *see also Tractebel Energy Mktg.*

*Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110 (2d Cir. 2007) (damages "must be

*reasonably certain* and such only as actually follow or may follow from the

breach" (quotation marks omitted)).

In particular, Appellants failed to distinguish between returns actively

encouraged by Audible and returns that would have occurred regardless. They

also failed to adduce evidence connecting Audible's encouragement to any

specific returns or, conversely, connecting the cessation of Audible's

encouragement to increased royalties. While uncertainty in the *amount* of

damages does not necessarily preclude recovery, Appellants have failed to establish even the existence of any non-speculative damages caused by the breach. *See Tractebel*, 487 F.3d at 110; *Kenford Co. v. Erie County*, 67 N.Y.2d 257, 261 (1986). Accordingly, we affirm the District Court's grant of summary judgment on this claim.

### III. Expert Witness

Finally, Appellants challenge the District Court's decision to exclude the expert testimony of their damages expert, Joseph Egan. The District Court excluded Egan's testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), on two primary grounds: (1) Egan's damages calculations did not correspond to Appellants' theory of liability and (2) Egan's proposed testimony did not involve expertise. Based on our review, we identify no error.

First, because Appellants would be entitled to damages resulting only from their theory of injury, "a model purporting to serve as evidence of damages . . . must measure only those damages attributable to that theory." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 407 (2d Cir. 2015) (quotation marks omitted). Here, Appellants' theory of liability distinguished between returns of audiobooks in

8

exchange for other titles and returns due to a technical defect or mistaken purchase. But Egan's calculations added up the royalties for all returns without any exclusions. Appellants explain that Egan merely proposed methodologies rather than final calculations. But even proposed methodologies must show "a valid scientific connection to the pertinent inquiry." *Daubert*, 509 U.S. at 592. Here, Appellants failed even to establish how Egan's calculations could comport with their theory of liability.

Second, Egan simply replicated calculations that already appeared in a Microsoft Excel spreadsheet produced by Audible and used the "sum" function in Excel to add up the total amount of royalties deducted. The District Court concluded that these calculations involved "simple arithmetic, not expert analysis." *Golden Unicorn*, 682 F. Supp. 3d at 379. Although Appellants contend that lack of analytical complexity is not a proper basis for exclusion, we have held that testimony "directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help . . . is properly excludable." *United States v. Castillo*, 924 F.2d 1227, 1232 (2d Cir. 1991) (quotation marks omitted). Accordingly, we conclude that the District Court's exclusion of Egan's testimony was not manifestly erroneous.

9

## CONCLUSION

We have considered Appellants' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court